ESTATE OF MAURICE S. SALTSTEIN, DECEASED, TRANSFEREE, SOPHIE L. SALTSTEIN, ADMINISTRATRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 105060. Promulgated March 27, 1942.

*Frank L. Wiemer, C. P. A.*, for the petitioner.
*Robert S. Garnett, Esq.*, for the respondent.

776

VAN FOSSAN: Respondent raises no question as to the reasonableness of the additions to the reserve for bad debts made by the Eveready Loan Co. during the years 1936 and 1937 nor as to the permission to use the reserve method. The only question presented is whether or not the Loan Co. was prevented from deducting a reserve for bad debts by reason of the fact that it kept its books on the cash basis.

Section 23 (k) of the Revenue Act of 1936 [1] which permits the deduction of a reserve for bad debts, draws no distinction between taxpayers on the accrual basis and those on the cash basis. Nor has the Commissioner issued any regulations denying taxpayers on the cash basis the right to use the reserve method. Thus, the problem is whether the use of the reserve for bad debts in the case at bar was inconsistent with the Loan Co.'s method of accounting so that the return did not clearly reflect income.

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions :

\* \* \* \* \* \* \*

(k) *Bad Debts.*—Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt, in an amount not in excess of the part charged off within the taxable year, as a deduction.

The use of the reserve for bad debts is not inherently inconsistent with a cash basis where, as here, the reserve is against loss of capital only (cf. *Wilbur Glenn Voliva*, 10 B. T. A. 911; affd., 36 Fed. (2d) 212) and contains no element of income which has never been reported. Cf. *Charles A. Collin*, 1 B. T. A. 305. Such a reserve for loss of capital does not differ materially from a reserve for depreciation which is set up on a percentage basis rather than on the basis of actual depreciation suffered.

In *First National Bank of Omaha*, 17 B. T. A. 1358; modified, 49 Fed. (2d) 70, we said: "If the petitioner is entitled to deduct from gross income under its system of bookkeeping and reporting bad debts charged off, it is entitled to the benefits of section 234 (a) (5) of the Revenue Act of 1921 with respect to the setting up of a reserve for bad debts and deducting from income the addition made thereto each year." We see no reason for departing from the view expressed in that case.

Reviewed by the Board.

*Decision of no transferee liability will be entered.*

MELLOTT dissents.